# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Focus 3, LLC | : | Judge |
| | : | |
| Plaintiff, | : | Magistrate Judge |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| Timothy Brian Kight | : | **JURY DEMAND ENDORSED** |
| | : | **HEREON** |
| Defendant | : | |

## ORIGINAL COMPLAINT

Plaintiff Focus 3, LLC ("Plaintiff") hereby files its Original Complaint ("Complaint") against Defendant Timothy Brian Kight ("Defendant" or "Defendant Kight"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company, having a principal place of business at 2356 Sweetwater Lane, in Allen, Texas 75013. All of Plaintiff's members are citizens of Texas. Plaintiff was formerly an Ohio limited liability company named Focus3 Performance Services, LLC until it was re-named Focus 3, LLC on or around August 17, 2007. For purposes of these pleadings only, in order to clearly present the relevant facts and claims, "Focus 3" will refer to the Focus 3 organization as it has operated over the last three decades, regardless of its ownership or business structure. In 2024, Plaintiff purchased the Focus 3 assets, including the intellectual property and client lists, and continued to operate using the "Focus 3" brand and trade name in commerce. *See* U.S. Trademark Registration 6423522.

2. Defendant Kight is an individual who resides at 2650 Eastcleft Drive, in Columbus, Ohio 43221, which is in the Southern District of Ohio, Eastern Division and where Kight may be served with process.

## JURISDICTION

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) because Plaintiff's Lanham Act claims arise under the laws of the United States, including 15 U.S.C. § 1125. This Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367 because each of these causes of action are so related to the Lanham Act claims that they form the same case or controversy under Article III of the U.S. Constitution. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds $75,000.

4. The Court has personal jurisdiction over the Defendant because Defendant is a resident and citizen of the State of Ohio, and because the Defendant violated the Lanham Act, in whole or in part, in the State of Ohio (as described in more detail below). The exercise of personal jurisdiction over the Defendant in the State of Ohio does not offend traditional notions of fair play and substantial justice.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c) because (1) the Defendant resides in this District, (2) the Defendant has damaged Plaintiff in this District, (3) a substantial part of the events or omissions giving rise to this action occurred in this District, and (4) the Defendant is subject to personal jurisdiction in this District at the time this case is commenced.

## FACTS

6. For over three decades, Focus 3 has provided expert leadership development and culture training to organizations to create real, lasting change using proven frameworks and strategies developed by Timothy Alan Kight ("Founder Kight"), who founded Focus 3 with a clear objective: to help organizations overcome obstacles in leadership and culture with practical tools that create lasting impact. Focus 3 remains a trusted resource for businesses looking to inspire and empower their teams while achieving exceptional results around the world.

7. Focus 3 has worked with over six thousand companies and hundreds of school and school districts, universities, churches, and athletic programs and has trained tens of thousands of people across the world. Focus 3's robust client list includes such notable clients as Bank of America, John Hancock, Ernst & Young, Amazon, Whirlpool, Turner Construction, AEP, and thousands of others. Focus 3 is also currently being taught in more than 250 school districts.

8. The Focus 3 programs are embodied by registered and source identifying trademarks which include **THE R FACTOR**® (which program consists of and incorporates Focus 3's proprietary "E + R = O" curriculum), **BCD & Design**®, **NO BCD**® (No Blaming, Complaining, or Defensiveness), and **PERFORMANCE PATHWAY**®**, LEADERS, CULTURE, BEHAVIOR, AND RESULTS**® & Design, among others, and original training materials, presentations, workshops, and related services created and developed both by Founder Kight and the Focus 3 team over many years (collectively, the "Focus 3 Programs").

9. On or around July 1, 2016, Founder Kight, who was the sole member of Focus 3 at that time, gifted a 50% interest in Focus 3 to Defendant Kight.

10. On or around June 14, 2019, Focus 3 redeemed Defendant Kight's 50% interest in Focus 3 for approximately $600,000.00 pursuant to the Membership Interest Redemption Agreement for Focus 3, LLC ("Redemption Agreement").

11. As part of the Redemption Agreement, Defendant Kight agreed that Focus 3 has "a pecuniary interest in ensuring its written materials, media content, names, diagrams, logos, and presentations and other original works are not used by third parties." *See* Redemption Agreement, at § 7.1. Defendant Kight further agreed that his use of Focus 3 written materials, media content, names, diagrams, logos, or presentation materials, including expressly any use of anything related to Focus 3's Lead Now, Trust Triad, Results Triad, 5 Driver System, The R Factor, The Six Disciplines of The R Factor, and 20 Square Feet properties, would be "permanently prohibited." *See id.* Defendant Kight agreed that it would "be impossible to measure in monetary terms the damages that will accrue to [the] Company by reason of a breach by [Defendant Kight] of such restrictions." *See id.,* at § 7.2.

12. In 2020, Founder Kight was diagnosed with cancer and began making succession plans so that Focus 3 would not only survive, but thrive when he was no longer able to lead the company. These plans quickly focused on selling Focus 3 to a buyer who shared his vision for Focus 3, displayed the ability to continue to implement and expand that vision in the marketplace, and possessed the ability to continue to develop the company's proprietary assets.

13. Upon information and belief, Defendant Kight desired to succeed Founder Kight as Focus 3's CEO and/or to purchase Focus 3 from Founder Kight, both of which were options that were unacceptable to Founder Kight.

14. Founder Kight selected Heather Verity to carry on the Focus 3 legacy and took steps, prior to his death in 2024, to transfer his interest as sole owner of Focus 3 to a revocable

4

trust (the Kight Trust) that was created in April 2024 for the purpose of selling the company's assets, including specifically all of Focus 3's intellectual property assets, to Ms. Verity.

15. Upon Founder Kight's passing, Founder Kight's widow (Brenda Kight) became the sole Manager of Focus 3 and the sole Trustee of the Kight Trust and sold the assets (consisting substantially of the intellectual property and clients) of Focus 3 to Ms. Verity for a substantial sum of money, which then represented the majority of the Kight Trust assets. Ms. Verity purchased the assets of Focus 3 through a newly founded Texas limited liability company, named Focus 3, LLC, the Plaintiff in this case. Upon information and belief, Defendant Kight either received significant proceeds from the Focus 3 asset sale as an express beneficiary of Founder Kight's last will and testament (independently or at the discretion of Brenda Kight) or will eventually receive significant proceeds upon the death of Brenda Kight or as otherwise provided for by the Kight Trust.

16. Although Ms. Verity purchased the assets, including specifically the intellectual property, of Focus 3 from the Kight Trust, Defendant Kight is confusing Focus 3 customers by expressly or implicitly representing himself as an authorized representative of Focus 3 or an authorized provider of the Focus 3 Programs, even though Defendant Kight has no formal or informal relationship with Focus 3, nor is he in any way authorized to use or sell Focus 3 Programs.

17. Defendant infringes the spectrum of Focus 3's intellectual property and violates federal and Ohio statutory and common law unfair competition laws individually and through one or more registered or unregistered entities (e.g., DIGNVS LLC).

18. Defendant has infringed and continues to infringe various registered trademarks owned by Focus 3 as incorporated into his confusing similar leadership programs ("Infringing Programs") that are designed to confuse consumers of the Focus 3 Programs.

19. Foundational Focus 3 source-identifying concepts include THE R FACTOR®, which is the registered trademark associated with Plaintiff's proprietary "E + R = O" (Event + Response = Outcome) training programs and materials, NO BCD®, and the PERFORMANCE PATHWAY®, LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design, among others. These trademarks are distinctive identifiers of the Focus 3 Programs.

<u>**U.S. Trademark Registration No. 6423524**</u>

# THE R FACTOR

| | |
|---|---|
| Wordmark | THE R FACTOR |
| Status | LIVE  REGISTERED |
| Goods & services | IC 016: Printed training materials in the fields of leadership,... |
| Class | 016, 041 |
| Serial | 90083601 |
| Owners | FOCUS 3, LLC (LIMITED LIABILITY COMPANY; TEXAS, USA) |

**What is the R Factor?**

Every day, you encounter events—big and small. While you don't control the events, you do control how you respond. And that response determines the outcome.

**That's the foundation of E+R=O (Event + Response = Outcome).**

R Factor training equips you with the mindset and skills to respond with discipline instead of reacting on impulse. The result? Better leadership, stronger teams, and greater performance at every level.

Available at https://focus3.com/systems/r-factor/.

**Defendant's Infringement**



Available at https://www.tbriankight.com/#hs_cos_wrapper_widget_1648049728106_.

**U.S. Trademark Registration No. 6647905**

# NO BCD

| | |
|---|---|
| Wordmark | NO BCD |
| Status | LIVE   REGISTERED |
| Goods & services | IC 009: Downloadable educational course materials in the fields of… |
| Class | 009, 016, 025, 035, 041 |
| Serial | 90257261 |
| Owners | FOCUS 3, LLC (LIMITED LIABILITY COMPANY; TEXAS, USA) |

**Defendant's Infringement**



Available at https://store.tbriankight.com/.



Available at https://www.tbriankight.com/keynote.

**U.S. Trademark Registration No. 6654919**



| | |
|---|---|
| Wordmark | BCD |
| Status | LIVE REGISTERED |
| Goods & services | IC 009: Downloadable educational course materials in the fields of… |
| Class | 009, 016, 025, 035, 041 |
| Serial | 90257322 |
| Owners | FOCUS 3, LLC (LIMITED LIABILITY COMPANY; TEXAS, USA) |

**Defendant's Infringement**



Available at https://www.tbriankight.com/bcd.

9

**U.S. Trademark Registration No. 6523385**

PERFORMANCE PATHWAY

| | |
|---|---|
| Wordmark | PERFORMANCE PATHWAY |
| Status | LIVE  REGISTERED |
| Goods & services | IC 016: Printed training materials in the field of leadership, culture... |
| Class | 016, 041 |
| Serial | 90118255 |
| Owners | FOCUS 3, LLC (LIMITED LIABILITY COMPANY; TEXAS, USA) |

**U.S. Trademark Registration No. 7136416**



| | |
|---|---|
| Wordmark | LEADERS CULTURE BEHAVIOR RESULTS |
| Status | LIVE  REGISTERED |
| Goods & services | IC 016: Printed training materials in the field of leadership, culture... |
| Class | 016, 041 |
| Serial | 97397760 |
| Owners | FOCUS 3, LLC (LIMITED LIABILITY COMPANY; TEXAS, USA) |

**Defendant's Infringement**



Available at https://www.tbriankight.com/virtual-keynotes.





*The Performance Pathway* is the most important system to understand if you want a team that executes with discipline and energy. Leaders create culture. Culture drives behavior. Behavior produces results. *The Performance Pathway* exists in every team, including yours, whether people are aware of it or not. Implementing this simple and powerful system is the key to align, accelerate, and grow.

Available at https://www.tbriankight.com/blog/performance-pathway.

20. Not only is Defendant using Focus 3 trademarks without authorization, upon information and belief, Defendant is representing himself to former, current, and potential Focus 3 customers as an authorized source of Focus 3 Programs and the Focus 3 intellectual property.

21. Customers of the Focus 3 Programs identify Focus 3 with the company's registered trademarks for the concepts, training, and workshops that it imparts to its customers/clients:

> "The teachings, language, and passion of Focus 3 helped us clarify and identify the behaviors we wished to teach and model across our program. The Performance Pathway and R Factor systems we learned were foundational in helping our program create a leadership training model that last year resulted in our first ever 5A state championship and 13 seniors who were accepted into college."
>
> **Adam O'Neil**
> Asst. Head Football Coach, Peoria High School

Available at https://focus3.com/.

22. Consumers confronted with THE R FACTOR® or "E + R = O," NO BCD®, PERFORMANCE PATHWAY®, and LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design, will recognize the concepts as indicative of the Focus 3 Programs and Focus 3 in particular.

23. Defendant copied core elements of the Focus 3 Programs, including but not limited to "E + R = O" (a.k.a. THE R FACTOR®), NO BCD®, PERFORMANCE PATHWAY®, and LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design in an effort to capitalize on Focus 3's goodwill and reputation, which were sold to Plaintiff at a substantial price, which, upon

information and belief, monetarily benefited the Defendant or will monetarily benefit the Defendant at a finite point in the future.

24. Defendant's unauthorized use of registered trademarks, unregistered trademarks, and Focus 3's other intellectual property, trainings, and concepts is likely to cause confusion and has caused actual consumer confusion in at least one instance. When discussing the Focus 3 Programs with a current customer, that customer informed the Focus 3 representative that it would not be contracting with Focus 3, but instead contracted with Defendant Kight to provide what the customer had concluded were the same services.

25. Defendant is competing directly with Focus 3 by offering companies training and consulting programs and keynote speeches, all of which are based on the Focus 3 Programs and which are directly related to the intellectual property and goodwill that was sold to Plaintiff.

26. Defendant is promoting his competing services to former and current Focus 3 customers and using THE R FACTOR® (embodying the E + R + O works), NO BCD®, PERFORMANCE PATHWAY®, and LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design as part of his advertising and promotion of his services.

27. Defendant has used THE R FACTOR® (E + R + O), NO BCD®, PERFORMANCE PATHWAY®, and LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design trademarks in connection with the sale, offering, and advertising of Defendant's services.

28. Upon information and belief, Defendant has represented to former and current Focus 3 customers that he is authorized to use distinctive trademarks and concepts associated with Focus 3, including but not limited to THE R FACTOR® (E + R + O), NO BCD®,

13

PERFORMANCE PATHWAY®, and LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design.

29. Upon information and belief, Defendant has misappropriated Focus 3 trade secrets, including client lists and confidential materials that form the basis of the Focus 3 Programs and is unlawfully using them in competition with Focus 3.

## CAUSES OF ACTION
## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

30. Plaintiff incorporates and adopts by reference Paragraphs 1-29 of the Complaint as if fully set forth herein.

31. Focus 3 owns the trademarks for THE R FACTOR®, which is the registered trademark associated with Plaintiff's proprietary "E + R = O" (Event + Response = Outcome) training programs and materials, NO BCD®, and the PERFORMANCE PATHWAY®, LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design, among others.

32. Defendant has violated the Lanham Act (15 U.S.C. §§ 1114, 1117, and 1125) by acts of trademark infringement, including but not limited to the following: infringement of valid and unregistered U.S. Trademark "E + R + O" (a.k.a. The R Factor®) and infringement of valid and registered U.S. Trademark Nos. 6647905 (NO BCD®), 6654919 (NO BCD Logo), 6523385 (PERFORMANCE PATHWAY®), and 7136416 (LEADERS, CULTURE, BEHAVIOR, AND RESULTS® & Design/Performance Pathway Diagram).

33. Each of the valid trademarks operate as distinctive source identifiers for the Focus 3 Programs over the course of three decades.

34. Defendant has used the Plaintiff's trademarks without authorization from Plaintiff while competing directly with Plaintiff and causing consumer confusion as to the source of the services being provided, such services, client lists, and the related intellectual property having been

14

sold to Plaintiff in 2024. Defendant's unauthorized use of the trademarks while competing directly with the Plaintiff is likely to cause consumer confusion and, in fact, has caused actual confusion in the relevant target market.

35. "E + R = O" is an inherently distinctive trademark that has been used for decades by Focus 3, represents the foundational concept for the services offered by Focus 3, and has acquired distinctiveness through secondary meaning.

36. Defendant's infringement of Plaintiff's registered and unregistered trademarks is willful, intentional, and deliberate and has caused damage to the Plaintiff in excess of $75,000.

37. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, any damages sustained by Plaintiff, and the costs of the action, and is further entitled to three times the amount of actual damages.

38. Plaintiff is further entitled to reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT II – FEDERAL TRADE DRESS INFRINGEMENT

39. Plaintiff incorporates and adopts by reference Paragraphs 1 - 38 of the Complaint as if fully set forth herein.

40. The Focus 3 Programs are embodied by registered and source identifying trademarks such as THE R FACTOR® (a.k.a. "E + R = O"), NO BCD® (No Blaming, Complaining, or Defensiveness), PERFORMANCE PATHWAY®, and LEADERSHIP, CULTURE, BEHAVIOR, AND RESULTS® & Design, among others, and other original materials created and developed by Founder Kight and Focus 3 over three decades. These collective trademarks and concepts constitute valid trade dress in the context of the consulting and leadership training programs offered by Focus 3, which were purchased indirectly from

15

Defendant's father, Focus 3 founder, Tim Kight. Relevant consumers confronted with services utilizing these inherently distinctive marks that also possess strong secondary meaning as having been used to identify the Focus 3 Programs over the course of three decades recognize them as indicative of the Focus 3 Programs and Focus 3 as the service provider.

41. Defendant has used Plaintiff's trade dress without authorization from Plaintiff while competing directly with Plaintiff and causing consumer confusion as to the source of the services being provided, such services, client lists, and the related intellectual property having been sold to Plaintiff in 2024. Defendant's unauthorized use of the trade dress while competing directly with the Plaintiff is likely to cause consumer confusion and, in fact, has caused actual confusion in the relevant target market.

42. Defendant's infringement of Plaintiff's trade dress is willful, intentional, and deliberate and has caused damage to the Plaintiff in excess of $75,000.

43. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, any damages sustained by Plaintiff, and the costs of the action, and is further entitled to three times the amount of actual damages.

44. Plaintiff is further entitled to reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

### COUNT III – VIOLATIONS OF OHIO DECEPTIVE TRADE PRACTICES ACT

45. Plaintiff incorporates and adopts by reference Paragraphs 1-43 of the Complaint as if fully set forth herein.

46. By virtue of the willful acts constituting federal trademark infringement and federal trade dress infringement, *supra,* Defendant has violated the Ohio Deceptive Trade Practices Act (Ohio Rev. Code Ann. § 4165.02) by passing off his services as those of Plaintiff, causing a

likelihood of confusion or misunderstanding as to the source, sponsorship, and/or approval of the services offered, and causing a likelihood of confusion or misunderstanding as to the affiliation, connection, and/or association of Defendant and his claimed products or services with Plaintiff.

47. On at least one occasion, Plaintiff's employee approached a Focus 3 customer (who had previously purchased Focus 3 Programs) to engage them in discussions regarding a new agreement for Focus 3 Programs. The Focus 3 customer told Plaintiff's employee that Defendant Kight was in contact with the customer and stated that he was providing Focus 3 services and training and the customer had engaged Defendant Kight instead of Plaintiff, causing Plaintiff to lose income as a result.

48. This one example demonstrates that Plaintiff's customers are actually being deceived by Defendant's conduct of willfully and unlawfully using Plaintiff's trademarks.

49. Defendant's unlawful conduct also is material to a customer's decision making process as it actually influenced a customer's decision to use Defendant, not the actual trademark holder for services

50. Defendant directly competes with Plaintiff in selling training, consulting, and keynote addresses to companies and organizations in Ohio.

51. Plaintiff is entitled to injunctive relief and to recover actual damages resulting from Defendant's violations of the Ohio Deceptive Trade Practices Act.

52. Defendant acted with actual malice in passing off services as those of Plaintiff, caused a likelihood of confusion or misunderstanding as to the source, sponsorship, and/or approval of the services offered, and caused a likelihood of confusion or misunderstanding as to the affiliation, connection, and/or association with Plaintiff, and therefore, Plaintiff is entitled to punitive damages in an amount to be determined at trial. Defendant's conduct is characterized by

17

hatred, ill will, or a spirit of revenge against the new owner of Focus 3, which his father sold to the Plaintiff rather than transfer to Defendant under any circumstances.

53. Plaintiff is further entitled to reasonable attorney's fees pursuant to Ohio Rev. Code Ann. § 4165.03.

### COUNT IV – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

54. Plaintiff incorporates and adopts by reference Paragraphs 1-53 of the Complaint as if fully set forth herein.

55. Plaintiff has contracts and ongoing business relationships with commercial enterprises and schools across Ohio and the United States to provide leadership training, consulting, workshops, and keynote speaking services. Plaintiff regularly renews or enters into new contractual agreements with repeat customers in the regular course of providing these services to customers with which Plaintiff has an ongoing business relationship. By virtue of the aforementioned acts of trademark infringement, trade dress infringement, and violations of the Ohio Deceptive Trade Practices Act, Defendant has tortiously and unlawfully interfered with Plaintiff's business relationships.

56. On at least one occasion, Defendant approached a customer with an ongoing business relationship with Focus 3, and with full knowledge of the relationship between the customer and Focus 3, Defendant intentionally and without any applicable privilege caused a breach and/or termination of that relationship between Plaintiff and its customer. Plaintiff's employee approached a Focus 3 customer (who had previously purchased Focus 3 Programs) to engage the customer in discussions regarding a new agreement for Focus 3 Programs. The Focus 3 customer told Plaintiff's employee that Defendant Kight had been in contact with the customer,

that Kight was providing Focus 3 services and training, the customer had engaged Defendant Kight as a result.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in excess of $75,000 due to the breach and/or termination of the business relationships between Plaintiff and its customer that Defendant tortiously interfered with.

58. Defendant's conduct was intentional, willful, reckless, and was committed with actual malice as his father sold Focus 3 to Plaintiff rather than Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that a final judgment be entered, and that the following relief be granted:

(1) Ordering preliminary and permanent injunctions enjoining the aforesaid acts of trademark and trade dress infringement and violations of Ohio law by the Defendant and any legal entities related to Defendant's infringing activities;

(2) Ordering an accounting by Defendant of his activities in connection with his infringement of Plaintiff's registered and unregistered trademarks, including the total revenue, gross profits, and income generated as a result of his infringing activities;

(3) Ordering and adjudging that Plaintiff have and recover from the Defendant actual damages (trebled for Lanham Act violations), plus the Defendant's profits, costs of suit, lost profits, and pre-judgment and post-judgment interest as allowed by law for the acts of direct trademark and trade dress infringement pursuant to federal and Ohio law;

(4) Compensatory damages in excess of $75,000;

(5) Award to Plaintiff punitive damages against the Defendant for violations of the Ohio Deceptive Trade Practices Act and/or Ohio common law that are characterized by hatred, ill will,

19

or a spirit of revenge against the new owner of Focus 3, which his father sold to the Plaintiff rather than transfer to Defendant under any circumstances.

(6) Awarding attorneys' fees and costs of suit to Plaintiff pursuant to 15 U.S.C. § 1117, Ohio Rev. Code Ann. § 4165.03, or as otherwise permitted by law against the Defendant; and

(7) Awarding Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Damion M. Clifford*
Damion M. Clifford (0077777)
   Trial Attorney
Gerhardt A. Gosnell II (0064919)
ARNOLD & CLIFFORD LLP
115 W. Main Street, Suite 400
Columbus, OH 43215
Tele: (614) 460-1600
Fax: (614) 469-1093
E-mail:dclifford@arnlaw.com
       ggosnell@arnlaw.com

*Counsel for Focus 3, LLC*

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts of Plaintiff's Claims so triable.

*/s/ Damion M. Clifford*
Damion M. Clifford